Joseph E. Addiego III (CA SBN 169522)
John D. Freed (CA SBN 261518)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: jakefreed@dwt.com
       joeaddiego@dwt.com

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.
U.S. BANK, N.A., as Successor to Bank of
America, N.A., as Successor by Merger to LaSalle
Bank, N.A., as Trustee for WMALT Pass-Through
Certificates Series 2006-AR2

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SMITH & DEBRA SMITH,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>JPMORGAN CHASE BANK, N.A., et al.<br><br>　　　　　Defendants. | Case No. 19-cv-01408-JVS-DFM<br><br>**OPPOSITION TO MOTION TO REMAND**<br><br>Date:　　September 30, 2019<br>Time:　　1:30 p.m.<br>Courtroom: 10C, Santa Ana<br>Judge:　　Honorable James V. Selna<br><br>Action Removed: July 19, 2019 |

## I. INTRODUCTION

Plaintiffs' Motion to Remand ("Motion") is frivolous. Plaintiffs do not argue that either element of diversity jurisdiction—complete diversity among the parties or sufficient amount in controversy—is lacking. Nor can they. Plaintiffs are citizens of California, and Defendants JPMorgan Chase Bank, N.A. and U.S. Bank, N.A. are citizens of Ohio. The amount in controversy is over $2.5 million, more than thirty times the $75,000 threshold. *See* 28 U.S.C. § 1332(a)(1). Defendants timely removed this action from Orange County Superior Court. Under these circumstances, the Court has no discretion to remand.

Instead of addressing the facts giving rise to federal jurisdiction in this case, the Motion cuts and pastes large swaths of a law review article critical of diversity jurisdiction (Motion at 2-7),[1] followed by quotes from generic jurisdictional case law (*id.* at 7-11). The Motion is a hodgepodge of unapplied legal authorities and academic commentary.

The Court should deny the Motion and rule on Defendants' pending Motion to Dismiss.

## II. PROCEDURAL HISTORY

Plaintiffs filed this action in Orange County Superior Court on June 19, 2019, seeking to enjoin foreclosure of real property located at 27501 Boothill Court, Laguna Hills, CA 92653 (the "Property"), and obtain declaratory relief as to the parties' respective rights in the Property. (Compl. at 28-30.) Plaintiffs bring claims for cancellation of instruments, slander of title, accounting, and declaratory relief, in an effort to void a Deed of Trust securing a $1.65 million mortgage loan debt against the Property. (*See id.* ¶ 29.)

---

[1] The content in this portion of the Motion is taken from James M. Underwood, *The Late, Great Diversity Jurisdiction*, 57 Case W. L. Rev. 179 (2006) (available at https://scholarlycommons.law.case.edu/cgi/viewcontent.cgi?article=1681&context=caselrev).

On July 19, 2019, Chase and U.S. Bank removed this case to federal court on the basis of diversity jurisdiction. (*See* Notice of Removal, Dkt. No. 1.) On August 19, 2019, Plaintiffs filed the Motion, after which Chase and U.S. Bank filed a Motion to Dismiss (Dkt. No. 17). Both this Motion and the Motion to Dismiss are set for hearing on September 30, 2019.

### III.   ARGUMENT

Removal to federal court on the basis of diversity jurisdiction is proper where (a) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (b) the dispute is between "citizens of different states." 28 U.S.C. § 1441(a); 28 U.S.C. § 1332.

Both factors are met in this case, and Plaintiffs fail to contend otherwise. ***First***, the amount in controversy exceeds $75,000. The Complaint seeks to enjoin foreclosure of the Property. (*See* Compl. at 28-29.) The Ninth Circuit recognizes that in an action to enjoin foreclosure, the amount in controversy is measured by the entire value of the real property at issue. *See Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation") (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *see also Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (finding that the amount in controversy in an action to enjoin a foreclosure sale is value of the real property at issue); *Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, *4-5 (N.D. Cal. 2010) (finding amount-in-controversy requirement met where plaintiffs sought injunctive relief preventing bank from foreclosing and the value of property exceeded $75,000).

OPPOSITION TO MOTION TO REMAND

According to the Orange County Treasurer-Tax Collector's office, the current tax assessed value of the Property is $2,587,000.[2] Moreover, Plaintiffs seek to void a Deed of Trust securing a $1.65 million mortgage loan in the wake of their default on that Loan. (*See* Compl. ¶¶ 29, 138.) And Plaintiffs specifically allege Defendants owe them more than $2,000,000. (*Id.* ¶ 123.) The jurisdictional amount in controversy requirement is met.

***Second***, there is complete diversity among the parties. As Plaintiffs allege, they are citizens of California. (*See* Compl. ¶ 16 (alleging Plaintiffs "are now, and at all times relevant to this action, have been residents of Orange County, in the State of California").) Chase and U.S. Bank, meanwhile, are citizens of Ohio. This is because they are both national banking associations, and such organizations are citizens of the state in which their main offices, as identified in their articles of association, are located. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). Chase has its main office in Columbus, Ohio. (*See* RJN, Ex. A.)[3] U.S. Bank has its main office in Cincinnati, Ohio. (*See id*.)

In the Motion, Plaintiffs ***do not address*** either the amount in controversy or the parties' diversity of citizenship, instead making irrelevant and unsupported arguments about the purported prejudice they will suffer by having to litigate in federal court, and questioning the Court's "expertise" on the legal issues in this case. (*See* Motion at 2, 9.) To the extent Plaintiffs attempt to dispute the elements of diversity jurisdiction in their reply brief, the Court should reject any such argument.

---

[2] The tax assessed value of the Property can be retrieved from the Orange County Treasurer-Tax Collector's Office at http://tax.ocgov.com/tcweb/search_page.asp. Chase and U.S. Bank included a current assessment of the Property from this website as Exhibit B to its Notice of Removal. (*See* Dkt. No. 1-2.)

[3] Exhibit A to Defendants' Request for Judicial Notice is a listing of all national banking associations, as of August 31, 2019, provided by the Office of the Comptroller of the Currency. It is available at https://www.occ.treas.gov/topics/charters-and-licensing/financial-institution-lists/national-by-name.pdf.

3

OPPOSITION TO MOTION TO REMAND

*See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Regardless, "[i]f jurisdiction exists and is properly invoked"—as is undisputed in this case—the court has no discretion to remand." Rutter Group Practice Guide: Federal Civil Procedure Before Trial § 2:3771 (citing *Grote v. Trans World Airlines, Inc.*, 905 F.2d 1307, 1310 (9th Cir. 1990)).

## IV. CONCLUSION

Jurisdiction is undisputedly present in this case. There is complete diversity among the parties and the amount in controversy exceeds $2.5 million. The Court should deny the Motion and adjudicate the merits of Defendants' Motion to Dismiss.

DATED September 6, 2019

DAVIS WRIGHT TREMAINE LLP
Joseph E. Addiego, III
John D. Freed

By:*/s/ John D. Freed*
    John D. Freed

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.
U.S. BANK, N.A., as Successor to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for WMALT Pass-Through Certificates Series 2006-AR2